## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BILL JONES et al., on behalf of themselves and all others similarly situated, | CIVIL ACTION |
| *Plaintiffs*, | NO. 17-8817 |
| | JUDGE ZAINEY |
| vs. | MAGISTRATE JUDGE DOUGLAS |
| NEW ORLEANS REGIONAL PHYSICIAN HOSPITAL ORGANIZATION, INC., DBA PEOPLES HEALTH NETWORK, | |
| *Defendant*. | |

## MEMORANDUM IN SUPPORT OF MOTION TO FIX ATTORNEYS' FEES PURSUANT TO THE AUGUST 29, 2019 ORDER

Defendant New Orleans Regional Physician Hospital Organization, Inc. d/b/a Peoples Health Network ("Peoples Health"), submits this memorandum in support of its motion to fix attorneys' fees pursuant to the August 29, 2019 Order.

### BACKGROUND

This is a Fair Labor Standards Act lawsuit.  On May 14, 2019, Peoples Health propounded a second set of requests for production of documents to Plaintiffs seeking production of bank checking account and credit card statements for specified periods during which the Plaintiffs claim they worked overtime.  After Plaintiffs objected to producing the requested records, Peoples Health filed a motion to compel.  Rec. Doc. 66.  The Court granted Peoples Health's motion and on July 16, 2019, after finding merit in the motion and finding that the motion was unopposed.  The Court entered an order requiring Plaintiffs to produce the requested records within 10 days, or by July 26.  Rec. Doc. 74.  The Plaintiffs failed to do so.

On August 5, 2019, more than a week later, Peoples Health filed this motion for contempt.  Rec. Doc. 80.  The motion sought immediate production of the records, and, if

Plaintiffs failed to do so, sanctions prohibiting Plaintiffs from offering testimony at trial regarding the extent to which they worked overtime. Peoples Health also sought attorneys' fees. Plaintiffs filed an opposition, arguing not only that the order of contempt should not be granted, but also that the Court should reconsider its ruling on Peoples Health's motion to compel. Rec. Doc. 87. Peoples Health responded to Plaintiffs arguments regarding to contempt and also regarding whether the Court should reconsider the motion to compel. Rec. Doc. 93.

On August 29, 2019, the Court granted Peoples Health's motion, in part, ordering Plaintiffs to produce the documents and awarding Peoples Health its "attorneys' fees and costs for the pleadings that they have filed to seek the relief that it requires." Rec. Doc. 95.

The day this order was rendered, Peoples Health's counsel again sought production of the records. To this date, Plaintiffs have not responded, nor have they produced the records ordered twice by this Court. Peoples Health now files this motion to fix attorneys' fees in the amount of $3,384.50.

## ARGUMENT

In this matter, counsel for Peoples Health has rendered legal services to it at their standard hourly rate, as reflected on the attached invoice. The invoice shows the date, time involved, and nature of the services performed in connection with Peoples Health's efforts to compel production of bank checking account and credit card statements for specified periods during which the Plaintiffs claim they worked overtime.[1] *See* Exhibit A-1. In addition, Peoples Health submits the Declaration of Liz Roussel. Ms. Roussel verifies that Exhibit A-1 reflects the contemporaneous billing reports produced in this matter and sent to Peoples Health for payment. *See* Exhibit A, Declaration of Liz Roussel. Further, the education, background, skills, and

---

[1] The attached invoices have been redacted to remove entries that are unrelated to the pleadings filed seeking production of these documents.

experience of Ms. Roussel, Sara Valentine, and Talbot Quinn, the attorneys handling this matter, are set forth in the attached Declarations. *See* Exhibit A and B.

As evidenced by the Declarations and the contemporaneous billing reports, the hours and labor reflected in these time entries were actually, necessarily and reasonably expended to effectively and successfully represent Peoples Health's interests, advocate Peoples Health's claims against Plaintiffs associated with the Motion to Compel and Motion for Contempt and pursue the ultimate recovery and relief obtained.  As such, the Court should award Peoples Health the amount requested and reflected in the invoices.

Fed R. Civ. P. 54(d)(2)(B) mandates that a motion for attorneys' fees be filed within 14 days after entry of judgment. The motion must specify the grounds entitling the moving party to the award, it must state the amount sought or provide a fair estimate of the amount sought, and must disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. *Id*. Local Rule 54.2 requires the party to submit to the court "a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed."

In the Fifth Circuit, courts use the "lodestar" method to calculate an award of reasonable attorneys' fees. *Creecy v. Metro. Prop. & Cas. Ins. Co*., 548 F. Supp. 2d 279, 283 (E.D. La. 2008) (quoting *Hensley v. Eckerhart*, 103 S.Ct. 1933 (1983)).  The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The Court must first determine the reasonable number of hours expended and the reasonably hourly rates for the participating attorneys. *Id*. at 324. After determining the lodestar, the Court must consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir.

1974), to determine whether to increase or decrease the award. The factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717–719.

In this case, Peoples Health seeks to recover only those amounts that were charged to the client and incurred in connection with the drafting of the Motion to Compel and Motion for Contempt. A chart summarizing the amounts shown in the attached Exhibit A-1 is below:[2]

| **FEES BY ATTORNEY** | | |
|---|---|---|
| **Attorney** | **Number of Hours** | **Fees Billed** |
| Liz Roussel, Esq. | 2.3 | $793.50 |
| Sara Valentine, Esq. | 3.7 | $1,295.00 |
| Talbot Quinn, Esq. | 4.8 | $1,296.00 |
| | **Total Hours: 10.8** | **Total Fees: $3,384.50** |

As reflected in the chart and Exhibit A-1, the Motion to Compel was primarily handled by the associate involved in the case, Mr. Talbot, with supervision by Ms. Roussel, the billing attorney involved in the case. *See* Exhibit A-1. The Motion for Contempt was primarily handled by Ms. Roussel and Ms. Valentine, after Mr. Talbot's departure from the firm. Each spent a reasonable amount of time drafting the motion for contempt.  A total of 10.8 hours were expended in connection with the Motion to Compel and the Motion for Contempt. This amount of time is reasonable given the efforts counsel took to try and avoid filing these motions.

---

[2] The chart does not include the time spent preparing this motion to fix fees.

Additionally, the hourly rate for the attorneys involved is reasonable. Ms. Roussel's rate is $355, Ms. Valentine's rate is $350, and Mr. Quinn's rate was $270. These rates are in line with the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *See Blum v. Stenson*, 465 U.S. 886 (1984). The attached Declarations of Ms. Roussel and Ms. Valentine set forth the education, skill, and experience, and the rates that were charged in connection with this matter. These rates are the standard rates of the attorneys involved in this matter and are in line with fees awarded in other cases involving attorneys with similar experience. *See* Exhibit A *see also Johnson v. Big Lots Stores, Inc.*, 639 F.Supp.2d 696, 701 (E.D. La. 2009) (awarding $300 an hour for partners and $225 an hour for associates); *Hornbeck Offshore Servs., LLC v. Salazar*, No. 10-1663, 2011 WL 2214765 *29-31 (E.D. La. 6/1/2011) (awarding $295 to $420 for partners and $180 to $195 for associates); *Foley v. SAFG Retirement Servs., Inc.,* Civ. A. No. 10-2827, 2012 U.S. Dist. LEXIS 37246 (E.D. La. 3/20/12) (reducing hourly rates from $450.00/hour to $350.00/hour for attorney with 30 years experience and from $300.00/hour to $275.00/hour for attorney with eight years experience); *Hobson v. ABE Dev. LLC*, 2016 U.S. Dist. LEXIS 118886, *4-5 (E.D. La. 9/2/16) (awarding $250-$275/hour for attorneys with 10 years of experience); *Crosby v. Blue Cross Blue Shield of LA*, No. 08-693, 2013 U.S. Dist. LEXIS 4051, *4-6 (E.D. La. 1/9/13) (awarding $279-378/hour for partners and $225/hour for an associate).

## CONCLUSION

Based on the applicable law, the Declarations, and Exhibits, Peoples Health suggests that an award of $3,384.50 in attorneys' fees in favor of it and against Plaintiff is reasonable.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s Elizabeth A. Roussel*
ELIZABETH A. ROUSSEL (#27943)
SARA C. VALENTINE (#30773)
4500 Hancock Whitney Center
New Orleans, LA  70139
Telephone:  (504) 581-3234
Facsimile: (504) 566-0210
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, by depositing a copy of same in the United States mail, first class postage prepaid at their last known address of record, or by electronic mail, or by ECF Notice, or by facsimile transmission or by hand delivery today, the 11th day of September, 2019.

*/s Elizabeth A. Roussel*