# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BILL JONES, ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-8817 |
| NEW ORLEANS REGIONAL PHYSICIAN HOSPITAL ORGANIZATION, INC. | SECTION "A" (3) |

## ORDER

Before the Court is Plaintiffs' Motion to Reconsider. [Doc. #102]. The motion is opposed. [Doc. #103]. Having reviewed the pleadings and the case law, the Court rules as follows.

## I.   Background

Plaintiffs filed a putative collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. and individually under the Louisiana Wage Statute, La. Rev. Stat. Ann. § 23:631, seeking unpaid minimum and overtime wages. Plaintiffs held various job titles as current and former employees of defendant. Prior to allegedly improper termination, Bill Jones worked as a "Contracting Specialist." Jennifer Branch has held several positions over the years including "Provider Relations Coordinator," "Project Coordinator," "Project Manager," "Operations Specialist," and currently "Training Consultant." Laura Romero was formerly an administrative assistant and is presently a "Pharmacy Part D Specialist."

Plaintiffs allege that defendant implemented record-keeping and compensation policies and practices that intentionally misclassified these employees and others similarly situated as exempt from FLSA's overtime wage provisions. While they were employed, defendant allegedly misclassified each of their jobs because the job duties that plaintiffs performed do not fall under any of the exceptions defined by the FLSA. Plaintiffs allege that defendant instructed these and

other misclassified employees not to record any overtime hours even if the employees worked hours in excess of 40 hours in a workweek. Plaintiffs now sue to recover unpaid wages, both minimum wages and overtime wages. In addition to unpaid wages, plaintiffs also seek to recover liquidated damages, attorney's fees, and costs associated with the litigation.

Plaintiffs moved to conditionally certify the class. [Doc. #28]. The District Court conditionally certified the class on October 18, 2018. [Doc. #37]. Defendant thus propounded discovery on plaintiffs, seeking personal bank checking account and credit card information from several plaintiffs for the months during which those plaintiffs claim they worked overtime. Plaintiffs objected to the discovery requests, and defendant filed a motion to compel. [Doc. #66]. This Court set that motion for oral hearing on July 17, 2019. [Doc. #68].

The day before that oral hearing, this Court noticed that it had not received an opposition to the motion in accordance with the local rules of this Court. E.D. Loc. R. 7.5. Accordingly, after reviewing the motion, the Court found that the motion had merit and was timely and ultimately granted the motion as unopposed. [Doc. #74]. Plaintiffs now ask the Court to reconsider that order.

## II. Law and Analysis

A motion to reconsider an interlocutory order is governed by Federal Rule of Civil Procedure 54(b). *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018); *CIT Bank, N.A. v. Howard Transportation, Inc.*, Civ. A. No. 17-10767, 2019 WL 3322725, at *1 (E.D. La. July 24, 2019). Rule 54(b) of the Federal Rules of Civil Procedure states, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the

2

action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under this rule, the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993); 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (2d ed.).

The general practice in this district has been to evaluate motions to reconsider interlocutory orders under the same standards that apply to motions to alter or amend final judgments made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Rosemond v. AIG Ins.*, Civ. A. No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009); *In re Katrina Canal Breaches*, Civ. A. No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009).[1] A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to

---

[1] There has been some discussion in this district as to whether the timeframes of Rules 59 and 60 bear on the standard under which a court reviews a motion to reconsider. *See, e.g., Broussard v. First Tower Loan, L.L.C.*, Civ. A. No. 15-1161, 2016 WL 879995, at *2 (E.D. La. Mar. 8, 2016) (Barbier, J.) ("The difference in treatment [of a motion to reconsider an interlocutory order] is based on timing."). However, given that a Fifth Circuit opinion makes clear that "[i]nterlocutory orders . . . are not within the provisions of 60(b)," *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014), the Court concludes that plaintiffs' motion is properly considered under Rule 59(e) irrespective of how much time has elapsed between the Court's order and his motion to reconsider. *Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 394 (E.D. La. 2016).

present newly discovered evidence." *Id.* at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Clark v. City of Thibodeaux*, No. CV 18-2364, 2019 WL 183851, at *1 (E.D. La. Jan. 14, 2019); *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

In their motion to reconsider, plaintiffs argue that the discovery requests are overly broad, irrelevant, unduly burdensome, and not proportionate to the needs of the case. Plaintiffs also briefly mention in passing that no opposition was filed to the motion to compel because there was a miscommunication between counsel. Plaintiffs fail, however, to elaborate on this argument.

These arguments could have – and should have – been raised in a timely opposition to the motion to compel. As noted above, arguments that could have been raised earlier are not a valid reason to grant a motion to reconsider. Indeed, not only did plaintiffs wait approximately two-and-a-half months to file this motion to reconsider, they waited over a month to file it after this Court had also granted in part defendant's motion for contempt for their failure to abide by this Court's earlier order granting defendant's motion to compel as unopposed. [Doc. #95]. This Court finds no manifest error of law or fact, and plaintiffs present no newly-discovered evidence to this Court. They merely raise legal arguments that should have been briefed in a timely-filed opposition.

### III. Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Reconsider [Doc. #102] is DENIED.

New Orleans, Louisiana, this 19th day of November, 2019.

                                                      **DANA M. DOUGLAS**
                                                      **UNITED STATES MAGISTRATE JUDGE**