UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BILL JONES, ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-8817 |
| NEW ORLEANS REGIONAL PHYSICIAN HOSPITAL ORGANIZATION, ET AL. | SECTION "A" (3) |

**ORDER**

Before the Court is the Motion to Fix Attorneys' Fees Pursuant to the August 29, 2019 Order [Doc. #98] filed by defendant New Orleans Regional Physician Hospital Organization ("Peoples Health"). Plaintiffs have filed no opposition to the motion. Having reviewed the pleadings and the case law, the Court rules as follows.

**I.    Background**

This motion arises in a lawsuit under the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that Peoples Health misclassified them as exempt and seek to recover overtime pay, liquidated damages, and attorneys' fees.

Peoples Health served discovery requests on plaintiffs that sought production of bank checking accounts and credit card statements for specified periods during which plaintiffs claim they worked overtime. Plaintiffs objected to the request, and Peoples Health filed a motion to compel. [Doc. #66]. On July 16, 2019, this Court granted the motion as unopposed and ordered plaintiffs to produce the documents within ten days of the date of the order. [Doc. #74].

Plaintiffs failed to comply with this Court's order, necessitating the filing of a motion for contempt [Doc. #80]. The motion again sought production of the records and also sanctions against plaintiffs for failure to comply with this Court's order on the motion to compel. Plaintiffs

filed an opposition, improperly asking the Court to reconsider its earlier order. [Doc. #87]. On August 29, 2019, this Court granted in part the motion for contempt, again ordering plaintiffs to produce the requested documents and awarding Peoples Health its "attorneys' fees and costs for the pleadings that they have filed to seek the relief that it requires." [Doc. 95 at p. 4].

In this motion, Peoples Health maintains that to this date, plaintiffs have yet to produce the requested documents.[1] Peoples Health thus seeks $3,384.50 in attorneys' fees and costs expended on the motion to compel and the motion for contempt that it was forced to file given plaintiffs' failure to comply with their discovery obligations.

On November 26, 2019, the District Court granted summary judgment in this lawsuit to Peoples Health [Doc. #107] and entered judgment in its favor the following day. [Doc. #108]. That judgment, however, does not divest this Court of this ancillary motion for attorneys' fees. *Kira, Inc. v. All Star Maint., Inc.*, 294 F. App'x 139, 141 (5th Cir. 2008) (citing *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816-17 (5th Cir. 1997) ("A district court has jurisdiction to rule on a motion for ancillary attorneys' fees even after the filing of a notice of appeal with respect to the underlying claims")).

II.  **Law and Analysis**

   A.  **Lodestar Method**

---

[1] On October 2, 2019, plaintiffs properly filed a motion to reconsider this Court's order on the motion to compel. [Doc. #102]. This Court denied that motion. [Doc. #106].

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The

fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### i. Reasonable Rates

Turning to the accounting statements and affidavit submitted by Peoples Health's counsel, this Court must determine whether the hourly rates of $355.00/hour for Elizabeth Roussel, $350.00/hour for Sara Valentine, and $270.00/hour for Talbot Quinn are reasonable. Roussel is a partner at Adams & Reese LLP with 17 years of experience; Valentine is of counsel at the same law firm with 13 years of experience; and Quinn was an associate at the firm with four years of experience.

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill." *Blum*, 465 U.S. at 895 n.11. "An attorney's requested hourly rate is prima facie reasonable when she requests that the lodestar be computed at her 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested." *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir 1995).

Reviewing the case law in this district, the Court finds that $350.00/hour for an attorney with 13 years of experience and $270.00/hour for an attorney with four years of experience are

4

high on the spectrum of rates awarded in this district. *See, e.g., Hubert v. Curren*, Civ. A. No. 18-7069, 2018 WL 4963595 (E.D. La. Oct. 15, 2018) (reducing rate of partner with 17 years experience from $400.00/hour to $300.00/hour as prevailing rate in this district); *Bode v. Kenner City*, No. CV 17-5483, 2018 WL 4701541, at *7 (E.D. La. Oct. 1, 2018) (approving a $200.00 hourly rate for an associate with four years of experience and $270.00 hourly rate for attorney with 16 years of experience); *Sanchez v. Pizzati Enters., Inc.*, No. 17-9116, 2018 WL 3954866, at *4 (E.D. La. Aug. 16, 2018) (finding $325 to be a reasonable hourly rate for an attorney with 15 years of labor and employment experience); *Alfasigma USA, Inc. v. EBM*, Civ. A. No. 17-7753, 2018 WL 3869496, at *4 (E.D. La. Aug. 15, 2018) (finding that $325 per hour was a reasonable rate for an attorney with 23 years of specialized experience in products liability litigation); *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 6344021, at *2 (E.D. La. Dec. 12, 2017) (finding that $350 was a reasonable hourly rate for an attorney with over 17 years of experience, with particular expertise in the area of mortgaged vessels); *Parkcrest Builders, L.L.C. v. Hous. Auth. of New Orleans*, No. 15-1533, 2017 WL 4682297, at *2 (E.D. La. Oct. 18, 2017) (finding $225 to be a reasonable hourly rate for a managing partner with 35 years of construction law experience); *Carrier v. Weber Prop. Grp., L.L.C.*, No. 16-6648, 2017 WL 4232535, at *4 (E.D. La. June 14, 2017) (approving $150 for an associate with 4 years of experience); *Curry v. Lou Rippner, Inc.*, No. 14-1908, 2016 WL 236053, at *6 (E.D. La. Jan. 20, 2016) (finding that $210 was a reasonable hourly rate for a founding partner with more than 15 years of experience); *Norris v. Causey*, No. 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016) (finding that $250 was a reasonable hourly rate for an attorney with 31 years of experience). Pursuant to this

case law, Valentine's and Quinn's rates of $340.00/hour are not reasonable, and the Court will approve $300.00/hour for Valentine and $220.00/hour for Quinn. The rate for Roussel at $355.00/hour is in line with the most recent case law from this Court.

    ii.    **Reasonable Hours Expended**

The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary . . ." *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id.* The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement" *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); *Cameron v. Greater New Orleans Fed. Credit Union*, Civ. A. No. 16-8514, 2017 WL 1426970, at *2 (E.D. La. Apr. 21, 2017).

Here, Roussel – the billing attorney – expended 2.3 hours, Valentine expended 3.7 hours, and Quinn expended 4.8 hours on both the motion to compel and the motion for contempt. The Court's review of the attached billing sheets reveals that the time entries for the three attorneys are not duplicative or cumulative or excessive and redundant. Each attorney participated in only particular tasks, *i.e.*, Quinn was responsible for the original draft of the motion to compel, Valentine was the only attorney who worked on the reply to the motion for contempt, and so on. Accordingly, the Court will approve 2.3 hours for Roussel, 3.7 hours for Valentine, and 4.8 hours for Quinn.[2]

---

[2] The Court does not find the *Johnson* factors applicable here. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Indeed, no party advances an argument that the fee award should be decreased on increased pursuant to the *Johnson* factors.

### III. Conclusion

Accordingly, for the foregoing reasons, and with the decrease in the reasonable hourly rates for Valentine and Quinn,

**IT IS ORDERED** that the Motion to Fix Attorneys' Fees Pursuant to the August 29, 2019 Order [Doc. #98] is GRANTED IN PART in that the Court approves a fee award in the amount of $2,982.50.

New Orleans, Louisiana, this 12th day of December, 2019.

                                              **DANA M. DOUGLAS**
                                              **UNITED STATES MAGISTRATE JUDGE**